# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JACQUELINE Y. JARVIS | CIVIL ACTION |
| V. | |
| CIRCLE K STORES, et al. | NO. 13-825-JWD-RLB |

## RULING AND ORDER

This matter is before the Court on Defendant Craig Stevens' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 38) and Defendant Elydia Poydras' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 39). Both motions are opposed (Doc. 44 and 45), and Defendant Stevens has filed a reply (Doc. 47). After careful review of the submissions of the parties and the relevant law, the Court grants the Defendants' motions.

### I. Relevant Factual Allegations and Background

Plaintiff, Jacqueline Y. Jarvis, filed suit against Defendants, Circle K Stores, Inc. ("Circle K"), Elydia Poydras ("Poydras"), and Craig Stevens ("Stevens"), after obtaining a Right to Sue Letter (Doc. 1-1) from the Equal Employment Opportunity Commission. Plaintiff filed an Amended and Supplemental Complaint (Doc. 3) on April 4, 2014. On October 16, 2014, Plaintiff filed a second Amended and Supplemental Complaint (Doc. 36). For purposes of these motions, the allegations in Plaintiff's second Amended and Supplemental Complaint will be taken as true.

Plaintiff was employed as a store manager by Exxon/Mobil when Defendant, Circle K, purchased the area Exxon/Mobil stores in November of 2011. (Doc. 36, ¶5). Following the purchase, Plaintiff was kept on as the store manager for the Zachary, Louisiana, store location. (Id.). In March of 2013, Defendant, Elydia Poydras, became the Circle K marketing manager in

charge of the region in which Plaintiff's store was located. (Id. at ¶8). Plaintiff alleges that, following her appointment, Poydras began a campaign of professional and personal criticism designed to humiliate and intimidate Plaintiff. (Id. at ¶8-9). Poydras accused Plaintiff of padding the books and threatened to fire her. (Id. at ¶10). Poydras also made disparaging remarks about Plaintiff to other Circle K employees including telling these employees that Plaintiff had taken money from credit card tallies at the store. (Id. at ¶23). In June of 2013, Plaintiff reported Poydras' harassment to Circle K Regional Manager, Defendant, Craig Stevens. (Id. at ¶11). Plaintiff also attempted to report the harassment to two members of Circle K's human resources department. (Id. at ¶14).

In mid-August of 2013, Plaintiff had a meeting with Poydras and Stevens to discuss the alleged harassment. (Id. at ¶12). During this meeting, Stevens promised Plaintiff that, should a transfer become necessary, there would be no negative changes to Plaintiff's wages or benefits. (Id.). Shortly thereafter, Plaintiff was transferred from the Zachary store to a less profitable store. (Id. at ¶15). Because Plaintiff's wages are determined by the volume of sales of the store she manages, Plaintiff asserts that this relocation resulted in a wage decrease of approximately $100 per week. (Id. at ¶10).

Plaintiff alleges that she continued to experience harassment and intimidation at the new store. (Id. at ¶15). Poydras encouraged the assistant manager and employees to oppose Plaintiff and her efforts to manage the store. (Id. at ¶20). This resulted in Plaintiff experiencing problems with the staff including insubordination. (Id.). Plaintiff alleges that Stevens and Circle K supported Poydras' actions. (Id. at ¶26).

After filing her original complaint, Plaintiff was again relocated to another Circle K store in January or February of 2014. (Id. at ¶27). Plaintiff continues to manage this location and

2

alleges that her income remains reduced because the volume of sales at her current store is less than that of the Zachary store. (Id.). Plaintiff further alleges that Circle K has forced her to manage this new location with an insufficient staff, thus requiring her to work more hours for less pay. (Id. at ¶¶28-29, 34).

Plaintiff contends that Poydras sought to create a hostile work environment in an effort to encourage Plaintiff to resign from her position. (Id. at ¶25). Plaintiff further argues that Poydras sought to have Plaintiff transferred to a less profitable store to force Plaintiff to accept a decrease in wages. (Id.). Plaintiff alleges that Poydras, Stevens, and Circle K have harassed and discriminated against her because of her age and her gender. (Id. at ¶34).

Plaintiff also asserts that Poydras defamed her while under the supervision of Circle K and Stevens. (Id. at ¶21). Plaintiff alleges, *inter alia*, claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1968 (ADEA) against Circle K and against Poydras and Stevens in their individual capacities. (Id. at Counts 1 and 2).

**II. Discussion**

**A. Relevant Standards**

In their Rule 12(b)(6) Partial Motions to Dismiss, Defendants, Poydras and Stevens, assert that the Title VII and ADEA claims against them should be dismissed for failure to state a claim because neither of them qualifies as Plaintiff's "employer" under the statutes. (Doc. 38 and 39).

In *Johnson v. City of Shelby, Mississippi*, 574 U.S. ——, 135 S.Ct. 346 (2014), the Supreme Court explained:

> Federal pleading rules call for "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted. See Advisory Committee Report of October 1955,

3

reprinted in 12A C. Wright, A. Miller, M. Kane, R. Marcus, and A. Steinman, Federal Practice and Procedure, p. 644 (2014 ed.) (Federal Rules of Civil Procedure "are designed to discourage battles over mere form of statement"); 5 C. Wright & A. Miller, § 1215, p. 172 (3d ed. 2002) (Rule 8(a)(2) "indicates that a basic objective of the rules is to avoid civil cases turning on technicalities").

*Id*. at 346–47.

Interpreting Rule 8(a) and *Twombly,* the Fifth Circuit explained:

The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 554, 127 S.Ct. 1955 (2007) (emphasis added)) .

Analyzing this standard, our brother in the Western District stated:

Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 129 S.Ct. at 1949, *Twombly,* 555 U.S. at 556, 127 S.Ct. at 1965. This analysis is not substantively different from that set forth in *Lormand, supra,* nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. Rule Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. This standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand,* 565 F.3d at 257, *Twombly,* 555 U.S. at 556, 127 S.Ct. at 1965.

*Diamond Services Corp. v. Oceanografia, S.A. De C.V.,* No. 10–177, 2011 WL 938785, at *3

(W.D.La. Feb.9, 2011) (citation omitted).

In *Thompson v. City of Waco, Texas,* 764 F.3d 500 (5th Cir.2014), the Fifth Circuit recently summarized the Rule 12(b)(6) standard as thus:

> We accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff. We need not, however, accept the plaintiff's legal conclusions as true. To survive dismissal, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Our task, then, is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.

*Id.* at 502–503 (internal citations and quotations omitted).

### B. Title VII Analysis

To be liable under Title VII, an individual must fall within Title VII's definition of "employer." *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994). Title VII defines employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. §2000e(b). The Fifth Circuit has consistently held that this definition does not impart individual liability on supervisory employees or other co-employees. *Ackel v. Nat'l Commc'ns, Inc.,* 339 F.3d 376, 382 n. 1 (5th Cir. 2003); *Smith v. Amedisys, Inc.,* 298 F.3d 434, 448 (5th Cir. 2002).

Furthermore, while Title VII's employer definition includes an agent provision, the Fifth Circuit has concluded that "Congress's purpose in extending the definition of an employer to encompass an agent in Section 2000e(b) was simply to incorporate *respondeat superior* liability into Title VII." *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999); *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002); *Grant v. Lone Star Co.*, 21 F.3d at 652. As our brother in the Eastern District has explained,

5

> an "agent" may qualify as an "employer" only when acting in his "official" capacity, and "finding an individual employee of a private corporation liable in his "official" capacity is tantamount to finding the corporation liable."*Humphreys,* 893 F.Supp. at 688. A plaintiff therefore may not assert claims against both her employer and the employer's agent in his official capacity because of the risk of double recovery against the employer. *Smith,* 298 F.3d at 449 (citing *Indest,* 164 F.3d at 262).*See also Baldwin v. Layton,* 300 F. App'x 321, 323 (5th Cir.2008) ("Individuals are not liable under Title VII in either their individual or official capacities.") (*quoting Ackel v. Nat'l Commc'ns, Inc.,* 339 F.3d 376, 382 n. 1 (5th Cir.2003)).

*Nastasi v. Ilawan*, No. CIV.A. 14-218, 2014 WL 2581206, at *5 (E.D. La. May 13, 2014).

Plaintiff's complaint alleges that Defendants Poydras and Stevens are liable under Title VII "to the extent their authority and/or acts and omissions qualifies them to be deemed employers under Title VII." (Doc. 36, p. 19). In her oppositions to the motions to dismiss, Plaintiff contends that Defendants Poydras and Stevens are individually liable to her under Title VII because their "scope of authority and the extent of [their] interaction with Jacqueline Y. Jarvis eclipsed or predominated Ms. Jarvis's employee-employer relationship with Circle K," thereby making Defendants the "alter ego" or proxy of Circle K. (Doc. 44-1, p. 3; Doc. 45-1, p. 3).

However, under the established Fifth Circuit precedent described above, Title VII does not impose individual liability on the agent or proxy of an employer. Thus, as Defendants Poydras and Stevens cannot be liable in their individual capacities under Title VII, Plaintiff has failed to state a claim upon which relief can be granted. Therefore, the motions to dismiss with respect to Plaintiff's Title VII claims against Defendants are granted.

### C. ADEA Analysis

Like Title VII, to be liable under the ADEA for discrimination based on an employee's age, an individual must meet the ADEA's definition of "employer." *Medina v. Ramsey Steel Co.*,

238 F.3d 674, 686 (5th Cir. 2001). The ADEA's employer definition mirrors that of Title VII. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). "Both acts limit liability to employers with more than a minimum number of employees, and both define "employer" to include agents of the employer." *Id*. Due to the similarities in the acts, the Fifth Circuit has reasoned that, like Title VII, "the ADEA provides no basis for individual liability for supervisory employees." *Id*. See also, *Medina v. Ramsey Steel Co.*, 238 F.3d at 686. Therefore, for the same reasons stated in the Title VII analysis above, the motions to dismiss with respect to Plaintiff's ADEA claims against Defendants are granted.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 38) filed by Defendant Craig Stevens is **GRANTED**; and

**IT IS ORDERED** that the Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 39) filed by Defendant Elydia Poydras is **GRANTED**.

Signed in Baton Rouge, Louisiana, on April 21, 2015.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**